UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Mansoori,<br><br>    *Plaintiff*,<br><br>v.<br><br>C.O. Larkin<br><br>    *Defendant*. | No. 22 CV 2469<br><br>Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Christopher Mansoori, a pretrial detainee, sued Correctional Officer Timothy Larkin alleging Larkin intentionally destroyed Mansoori's property, including his contact lenses, in violation of 42 U.S.C. § 1983. Because Mansoori was incarcerated when he filed suit, he needed to comply with the Prison Litigation Reform Act ("PLRA"), which demands prisoners exhaust their administrative remedies prior to suing in federal court. 42 U.S.C. § 1997e(a). Larkin has moved for summary judgment arguing Mansoori failed to abide by this requirement. The Court agrees and grants the motion.

**BACKGROUND**

"On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). The statements serve a valuable purpose: they help the Court in "organizing the evidence and identifying disputed facts." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). "To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3). Any party who fails to comply with Local Rule 56.1 does so at their own peril. *Wilson v. Kautex, Inc.*, 371 Fed. Appx. 663, 664 (7th Cir. 2010).

Here, Larkin filed a Rule 56.1 statement, [Dkt. 75], to which Mansoori responded. [Dkt. 93.] Mansoori also filed a statement of additional facts, [Dkt. 94], but Larkin failed to respond.[1] Accordingly, the Court deems all of Mansoori's

---

[1] Larkin likewise failed to file a reply brief, based on his misapprehension that Mansoori's response brief, [Dkt. 92], was untimely. [*See* Dkt. 88.] The prison mailbox rule applies to Mansoori, which means his filings are considered received by the Court on the date he mailed them from prison. *Censke v. United States*, 947 F.3d 488, 490 (7th Cir. 2020). Mansoori timely mailed his filings on April 23, 2024, [Dkt. 84; Dkt. 92 at 9.] The Court will therefore rule without the benefit of Larkin's reply.

additional facts admitted. The Court is required to view the facts and draw all reasonable inferences in favor of Mansoori, the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *WEC 98C-3 LLC v. SFA Holdings Inc.*, 99 F.4th 961, 969 (7th Cir. 2024).

As relevant here, Mansoori was in custody at the Cook County Department of Corrections ("CCDOC") between June 30, 2015, and February 15, 2018. [Dkt. 93 ¶ 2.] The CCDOC maintains an Inmate Grievance Procedure ("IGP"), which informs inmates about what types of incidents require a grievance, that the inmate must submit a grievance explaining what happened, and the timeline for filing and appealing grievances. More specifically, the IGP instructs inmates that they must file their grievances within 15 days of an incident, and then appeal any adverse ruling within 15 days. [*Id.* ¶¶ 15-16, 18.] While Mansoori contends he was not necessarily familiar with all grievance procedures, he does not dispute he was aware of these basic requirements.[2] [*See id.*]

According to the operative pleading and Mansoori's additional facts, on December 24, 2016, Larkin entered Mansoori's cell and threw out his contact lenses, impacting Mansoori's ability to see. [Dkt. 94 ¶ 1; Dkt. 5 at 2.][3] On February 6, 2017—44 days after Larkin's alleged conduct—Mansoori filed a grievance. [Dkt. 94 ¶ 3.] The narrative section of Mansoori's grievance form states as follows:

> Previously, I entered C.C.DOC with contact lenses. The sheriff's entered my cell months ago and threw out my contact lenses. Unable to see, I filled out a request for medical to obtain an eye exam and glasses. I was told there is no budget to purchase inmates glasses anymore and I was out of luck today. The Sheriffs have made it so I can not see and the jail will not support my medical needs to be able to see. Deliberate indifference to a medical need, resulting in cruel & unusual punishment.

[Dkt. 75-6 at 26.] As for the action he wanted CCDOC to take in response to the grievance, Mansoori wrote "[a]ccommodate my medical needs and give me glasses I need since the County threw out my contacts. [*Id.*]

CCDOC responded to the grievance on February 25, 2017, informing Mansoori that he was scheduled to meet with the Optometry department in "the first part of April" 2017. [*Id.* at 27.] Mansoori did not appeal the grievance. On December 7, 2017, Mansoori filed his original suit against Larkin for throwing out his contact lenses in violation of 42 U.S.C. § 1983.

Larkin now moves for summary judgment arguing Mansoori failed to exhaust his administrative remedies. [Dkt. 76.] Larkin makes two arguments. First, Mansoori

---

[2]  Mansoori submitted 17 grievances during this period of incarceration, and attempted to file 13 additional grievances. [*Id.* ¶¶ 10-11.]
[3]  Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

2

did not exhaust because he failed to appeal the grievance. Second, Mansoori's grievance did not put CCDOC on notice with respect to Larkin's conduct. The Court need only address the second argument to grant the motion.[4]

## ANALYSIS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

The PLRA requires inmates to exhaust their administrative remedies before initiating a federal civil rights lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022) ("a suit filed before the prisoner has exhausted these remedies must be dismissed") (cleaned up). Accordingly, if a correctional facility has an internal administrative grievance system through which an inmate can seek to correct a problem, the inmate must utilize that system before filing a claim in federal court. *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The burden of proof is on the defendant to demonstrate the prisoner failed to exhaust his administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

The primary purpose of the grievance system is to put prison officials on notice of an issue so that it can potentially be resolved prior to a lawsuit. *Porter v. Nussle*, 534 U.S. 516, 525 (2002) (the exhaustion requirement of the PLRA "affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case"); *see also Rodriguez v. Judkins*, 2020 WL 6273480, at *5 (N.D. Ill. Oct. 26, 2020) ("When a prisoner does not name the parties involved or describe the conduct about which he is complaining, this prevents the prison from addressing complaints prior to suit, which is one of the benefits of exhaustion.") To satisfy exhaustion, a grievance need not necessarily name a prison official by name. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("that Maddox didn't specifically

---

[4] The Court notes its surprise that Larkin does not argue Mansoori's grievance against Larkin is untimely, an obvious ground for dismissal. Mansoori did not file his grievance until roughly 44 days after Larkin purportedly destroyed his contacts, which is nearly three times too late under the IGP. Nevertheless, Larkin has waived the argument by failing to raise it. *Daugherty v. Harrington*, 906 F.3d 606, 610 (7th Cir. 2010); *Carroll v. Lynch*, 698 F.3d 561, 564 n.2 (7th Cir. 2012); *Edwards v. Dart*, 2022 WL 3543474, at *4 (N.D. Ill. Aug. 17, 2022).

name the defendants in the grievance was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement.")

Larkin argues Mansoori did not exhaust his administrative remedies according to IGP procedures because his grievance failed to put CCDOC on notice of Larkin's misconduct. [Dkt. 76 at 8-10.] The Court agrees. A plain reading of Mansoori's grievance shows that his core complaint was "medical's" inadequate response to his request for "an eye exam and glasses." [Dkt. 75-6 at 26.] Indeed, Mansoori's requested relief in the grievance was not aimed at holding the sheriffs accountable for the destruction of contact lenses, but to "[a]ccommodate my medical needs and give me glasses." [*Id.*]

While it is true Mansoori obliquely references unnamed sheriffs entering his cell and ruining his lenses, the context shows Mansoori included it as background information for how he arrived at his predicament. Mansoori himself stated the sheriffs' conduct occurred "months ago", which could not form the basis of a timely grievance, and certainly would not put CCDOC on notice of an issue related to destroyed contact lenses. [*Id.*] In the section of the grievance asking Mansoori to name "staff or inmates having information regarding this complaint", Mansoori did not list Larkin, but Jamal Braswell. [*Id.*]

This is a straightforward case. On the facts presented, no reasonable jury could conclude Mansoori's grievance put CCDOC on notice regarding misconduct from Larkin. This is so not necessarily because Mansoori failed to name Larkin by name in the grievance, but because the thrust of the grievance was aimed at conduct that did not involve Larkin. *King v. Dart*, 63 F. 4th 602 (7th Cir. 2023) (affirming dismissal on exhaustion grounds when inmate failed to put prison on notice of allegations against officer).

## CONCLUSION

For the reasons stated herein, Larkin's motion for summary judgment on exhaustion is granted.[5]

Enter: 22 CV 2469
Date: July 25, 2024

Lindsay C. Jenkins
United States District Judge

---

[5] Larkin's request to assess a "strike" pursuant to the PLRA is denied. A "strike" is assessed when a complaint is dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, but failing to exhaust is not one of those grounds. 28 U.S.C. § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010) (granting of summary judgment for failure to exhaust under § 1997e(a) does not count as a "strike" under § 1915(g)).